# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

CARL JAMISON                                                                PLAINTIFF

v.                                                                     No. 1:09CV197-M-D

TONY BARBER, ET AL.                                                       DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* complaint of Carl Jamison, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the reasons set forth below, all of the plaintiff's claims – except use of excessive force – shall be dismissed for failure to state a claim upon which relief could be granted. The plaintiff will be required to show cause why his claim of excessive force should not be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Jamison alleges that on July 30, 2009, a police officer pulled him over for running a stop sign. When the police officer checked Jamison's license and insurance, the officer discovered that Jamison's license had been suspended. The officer then arrested Jamison for driving with a suspended license and "choked [Jamison's] neck while proceeding to put [him] in the police car." The officer told Jamison that he must post bond in order to be released because he had outstanding warrants in Tupelo and Verona. In addition, the officer called a tow truck to remove Jamison's van, even though a licensed driver was available to drive the van to Jamison's home. Jamison believes that the $350.00 fee for towing and three days of storage is excessive. Also, the impound lot would not permit Jamison to remove his work equipment from the van without

payment of the fee. Jamison alleges that he did not receive the notice that his license was suspended until after his arrest for driving with a suspended license. He also alleges that, contrary to the statements of the arresting officer, no warrants for his arrest could be found in Tupelo or Verona.

**Discussion**

A court holds the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936). As such, the court may police its docket for meritless claims.

None of Jamison's allegations state a claim for relief under 42 U.S.C. § 1983. His claim regarding the propriety of bond because of confusion over outstanding warrants is a *habeas corpus* claim and thus cannot be brought in this case filed under 42 U.S.C. § 1983. Similarly, the court can find no constitutional violation in the officer's decision to call a tow truck, the amount of the towing and storage fee, or the decision to retain the vehicle and its contents until Jamison paid the fee. Jamison admittedly ran a stop sign, and a check of his record revealed that his license had been suspended. These two facts gave the officer probable cause to arrest Jamison, and a police officer may arrest and detain a suspect for minor traffic violations. *Atwater v. City of Lago Vista*, 532 U.S. 318, 121 S.Ct. 1536 (2001)(police may place citizen under arrest for minor traffic infraction).

Jamison also alleges that the officer used excessive force during the arrest by "chok[ing] his neck" while placing him in the police vehicle. To state a violation of the Fourth Amendment prohibition against use of excessive force during arrest, the plaintiff must allege: (1) an injury,

that (2) resulted directly and only from a use of force that was excessive to the need, and (3) a use of force that was objectively unreasonable. *Flores v. City of Palacios,* 381 F.3d 391, 395 (5th Cir.2004). The court will set a deadline of twenty days for the plaintiff to show cause why his claim of excessive force during his arrest should not be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED,** this the 17th day of August, 2009.

                          **/s/ MICHAEL P. MILLS**
                          **CHIEF JUDGE**
                          **UNITED STATES DISTRICT COURT**
                          **NORTHERN DISTRICT OF MISSISSIPPI**